

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 12, 1974

The Honorable Logan Wood, Jr.
Chairman
Texas Board of Athletic Trainers
6100 South Main Street
Houston, Texas 77001

Opinion No. H- 471

Re: Extent to which high school coaches may perform the duties of athletic trainer under Article 4512d, V. T. C. S.

Dear Mr. Wood:

You have asked the following questions:

1) Are persons employed and compensated by an Independent School District as "uncertified trainers" who perform some or most of the duties of athletic trainers, who are not licensed by the Texas Board of Athletic Trainers and who are not coaches, acting in violation of Article 4512d, V. T. C. S. ?

2) May coaches, athletic trainers and "uncertified trainers" use physical modalities such as diathermy and ultrasound in their work related to rehabilitation and treatment of athletes?

An "athletic trainer" as defined by Article 4512d, section 1(1), V. T. C. S. is:

. . . a person with specific qualifications, as set forth in Section 9 of this Act, who, upon the advice and consent of his team physician carries out the practice of prevention and/or physical rehabilitation of injuries incurred by athletes. To carry out these functions the Athletic trainer is authorized to use physical modalities such as heat, light, sound, cold, electricity, or mechanical devices related to rehabilitation and treatment.

p. 2150

Section 8 of the same Article provides that:

> No person may hold himself out as an athletic
> trainer or perform, for compensation, any of
> the activities of an athletic trainer as defined
> in this Act without first obtaining a license
> under this Act.

Section 1(4) lists persons to whom the provisions of the Act do not apply. Among them are physicians, dentists, optometrists and nurses. These professionals may use physical modalities and other healing techniques similar to those of an athletic trainer so long as they are properly licensed to practice one of the listed professions and confine their practice to that profession.

This office has also held in Attorney General Opinion M-1012 (1971) that athletic coaches who are not compensated to perform the duties of an athletic trainer are exempted from the licensing provisions of Article 4512d and may use physical modalities on athletes as a necessary activity in the performance of their duties as a coach.

However, there is no mention of "uncertified" trainers in section 1(4) and no Attorney General Opinion or other legal authority which exempt such persons from the licensing requirements of Article 4512d. Thus, "uncertified" trainers cannot legally hold themselves out as athletic trainers, and they are not "authorized to use physical modalities such as heat, sound, cold, electricity or mechanical devices related to rehabilita- tion and treatment."

## S U M M A R Y

Persons who are not athletic coaches, who are
employed by an Independent School District as "uncerti-
fied" trainers, who perform some or most of the duties
of athletic trainers and who are not licensed by the Texas
Board of Athletic Trainers are acting in violation of
Article 4512d, V.T.C.S. Such "uncertified" trainers
are not authorized to use physical modalities such as

diathermy and ultrasound in their work related to rehabilitation and treatment of athletes. Coaches and athletic trainers are authorized to use such physical modalities.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee